**CV 08 2985**

UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

(S.I.)

---------------------------------------------------X   Docket No.
JUL 2 3 2008  ★

**Michael Cannata**

                      **Plaintiff**

-against-

**Schwartz, Schwartz & Associates; Statewide Credit Services, Corp., Michelle Schwartz; Smith Carroad Levy P.C. d/b/a Smith Carroad Levy & Finkel, and Bill Volpe**

                      **Defendant**

LONG ISLAND OFFICE

SEYBERT, J.

WALL, M.J.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

TRIAL BY JURY DEMANDED

---------------------------------------------------X

    Plaintiff, by his attorney Joseph Mauro, complaining of the Defendants respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. Plaintiff is suing the Defendants because the Defendants used their knowledge of and access to the debt collection industry to perpetrate a personal vendetta against the Plaintiff.

2. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; negligence; gross negligence; and New York General Business law.

3. Each of the Defendants is a debt collector as defined by the FDCPA.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337 and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Declaratory relief is available pursuant to 28 U.S.C. Section 2201 and 2202 and New York State law. Injunctive relief is available pursuant to New York State law. Venue in this District is proper in that the Defendants transact business here, and the conduct that is the subject of this complaint occurred here.

## III. PARTIES

5. Plaintiff, MICHAEL CANNATA, is a natural person residing in Nassau County, in the State of New York.

6. Defendant Schwartz, Schwartz, & Associates is a business engaged in collecting debts in this state with its principal place of business located at 2871 Bay Dr. Merrick, NY 11566.

7. Defendant Statewide Credit Services, Corp. (hereinafter "Statewide") is a New York Corporation engaged in collecting debts in this state with its principal place of business located at 2871 Bay Dr. Merrick, NY 11566.

8. Defendant Michelle Schwartz is a natural person who owns, is employed by and/or affiliated with Schwartz Schwartz & Associates and Statewide at all times relevant to this complaint.

9. Defendant Smith Carroad Levy PC (hereinafter Smith Carroad) is a New York law firm, located in Suffolk County, New York, whose principal business is the collection

of consumer debts in this state. Smith Carroad regularly attempts to collect consumer debts owed to others. Smith Carroad is doing business as Smith Carroad Levy & Finkel.

10. Defendant Bill Volpe is a natural person who worked as an employee of Defendant Smith Carroad at all times relevant to this complaint. Volpe is a debt collector as defined by the FDCPA.

11. The principal purpose of each of the Defendants is the collection of debts from third parties using the mails and telephone. Each Defendant regularly attempts to collect debts alleged to be due another.

12. All Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

13. The alleged debt of Plaintiff was incurred for personal, family, or household services.

14. The Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and ratification of the other Defendants. Any reference hereinafter to "Defendant," or "Defendants," or "Debt collector," without further qualification is meant to refer to each and all Defendants herein jointly and severally.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff repeats paragraphs "1" through "14" as if fully restated herein.

16. In or around April 2003, Plaintiff had a dispute relating to his purchase of a cellular telephone. The cellular telephone that the Plaintiff purchased was not operational and Plaintiff attempted to return such cellular phone to the store. The store refused to refund the Plaintiff for the defective cellular phone. The store also informed Plaintiff that he was still responsible for a $300.00 "activation fee" relating to the cell phone, notwithstanding the fact that the phone did not work. The Plaintiff refused to pay such "activation fee"

17. In or around January 2004 Schwartz Schwartz & Associates, Statewide Credit Services, Corp. and Michelle Schwartz (hereinafter, the "Schwartz Defendants") began to attempt to collect the activation fee from the Plaintiff. Plaintiff refused to pay such fee, and informed Defendants of the dispute.

18. The Schwartz Defendants demanded that the Plaintiff pay $679.89 for the "activation fee."

19. While attempting to collect the activation fee from the Plaintiff, the Schwartz Defendants harassed Plaintiff.

20. In an effort to stop the harassment, the Plaintiff paid to the Defendants $300.00.

21. The Schwartz Defendants provided the Plaintiff with a letter indicating that the debt was satisfied.

22. In or around February 2005, the Plaintiff filed a Better Business Bureau complaint against the Schwartz Defendants relating to the harassing manner in which the Schwartz Defendants attempt to collect the activation fee. Plaintiff also complained to the

Better Business Bureau that the Schwartz defendants had attempted to collect more than double the $300.00 "activation fee."

23. On February 17, 2005, after receiving notice of the Better Business Bureau complaint, the Defendant Michelle Schwartz, on behalf of the Schwartz Defendants, telephoned the Plaintiff.

24. On February 17, 2005, the Schwartz Defendants informed the Plaintiff that they had located a money judgment against a person named "Michael Cannata." The money judgment was allegedly owed to the "Merrick Woods Country Day School." (hereinafter, the "Day School debt") The Schwartz Defendants demanded that the Plaintiff pay them the $3,627.61 judgment. Michelle Schwartz informed the Plaintiff that if Plaintiff did not pay her the money, that the Schwartz Defendants intended to ruin his credit, and take his house.

25. On or about February 17, 2005, the Plaintiff informed the Schwartz Defendants that he had never had any business relationship whatsoever with the "Merrick Woods Country Day School" and that the alleged judgment was not against him. The Plaintiff explained to the Schwartz Defendants that his children never attended any "Day School," and that this judgment was clearly against a different person. The Plaintiff demanded that the Schwartz Defendants cease contacting him.

26. On February 17, 2005 the Schwartz Defendants pulled the Plaintiff's consumer credit reports in an attempt to decrease the Plaintiff's credit score.

27. On information and belief, the Schwartz Defendants never had any right to attempt to collect the judgment alleged to be owed to the Merrick Woods Country Day School.

28. Subsequent to February 17, 2005, the Schwartz Defendants forwarded the alleged debt to the law firm of Smith Carroad Levy PC. (hereinafter Smith Carroad) with instructions to collect the Day School debt from the Plaintiff.

29. On or about November 12, 2007, the Plaintiff received a collection letter from Smith Carroad demanding payment of $3,627.61 for the Day School debt. Smith Carroad sent such letter on behalf of the Schwartz Defendants. Such letter demanded payment of the alleged debt. (Exhibit A).

30. Exhibit A does not include the signature of any attorney.

31. Exhibit A appears on a letterhead, stating: "Attorneys At Law."

32. No attorney at Smith Carroad was meaningfully involved in the drafting, review, or mailing of Exhibit A.

33. Plaintiff received Exhibit A at his residence.

34. On November 15, 2007, in response to Exhibit A.

35. While at the office of Smith Carroad on November 15, 2007 the Defendant Bill Volpe approached the Plaintiff and demanded payment of the alleged Day School debt.

36. While at the office of Smith Carroad on November 15, 2007, Plaintiff requested to speak with one of the lawyers whose names appear on the letterhead of Exhibit A. Defendant Volpe informed the Plaintiff that the Plaintiff could only speak to him.

37. On November 15, 2007 while Plaintiff was at the office of Smith Carroad, the Defendant Volpe harassed and abused the Plaintiff.

38. On November 15, 2007 while Plaintiff was at the office of Smith Carroad, the Defendant Volpe screamed at the Plaintiff.

39. On November 15, 2007 while Plaintiff was at the office of Smith Carroad, the Defendant Volpe screamed at the Plaintiff, stating: "this is your judgment, your going to pay!"

40. On November 15, 2007 while Plaintiff was at the office of Smith Carroad, the Plaintiff attempted to ask Volpe questions about the alleged judgment so as to show Defendants that he was not responsible for the alleged debt. The Defendant Volpe responded by screaming at the Plaintiff: "this is not the interrogation room."

41. On November 15, 2007 while Plaintiff was at the office of Smith Carroad, attorneys Robert Levy and James Marrone eventually spoke to Plaintiff. Plaintiff explained to Attorney Levy that he was not the person who allegedly owed the Day School debt. Attorney Robert Levy confirmed that Plaintiff was not the person who allegedly owed the debt and issued the Plaintiff a letter confirming such. Smith Carroad also confirmed in writing that they intended to notify their client that Plaintiff was not responsible for such debt. (Exhibit B)

42. On information and belief, the Defendants Smith Carroad then returned the alleged debt to the Schwartz Defendants, but failed to inform the Schwartz Defendants that the Plaintiff was not the responsible party. Nor did Smith Carroad inform the Schwartz Defendants that Plaintiff disputed the alleged debt.

43. On or about December 12, 2007 the Schwartz Defendants mailed the Plaintiff a collection letter demanding payment of the Day School debt. (Exhibit C).

44. Exhibit C indicates that the alleged debt had now increased to $5,109.71. Exhibit C indicates that the alleged debt was now owed directly to Bill Volpe.

45. Exhibit C was the first correspondence received from the Schwartz Defendants.

46. Exhibit C did not include any of the language required by 15 USC 1692g.

## V. CAUSES OF ACTION UNDER THE FDCPA

47. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

48. Defendants have violated the FDCPA. Defendants' violations include but are not limited to the following:

A. Defendants violated 15 U.S.C Section 1692e;

B. Defendants violated 15 U.S.C Section 1692e (2);

C. Defendants violated 15 U.S.C. Section 1692e(3);

D. Defendants violated 15 U.S.C. Section 1692e(4);

E. Defendants violated 15 U.S.C. Section 1692e(5)

F. Defendants violated 15 U.S.C. Section 1692e(8)

G. Defendants violated 15 U.S.C. Section 1692 e(10);

H. Defendants violated 15 U.S.C. Section 1692e(14)

I. Defendants violated 15 U.S.C. Section 1692 f;

I. Defendants violated 15 U.S.C. Section 1692 f (1);

J. Defendants violated 15 U.S.C Section 1692g(a)

K. Defendants violated 15 U.S.C Section 1692g(b);

L. Defendants violated 15 U.S.C. Section 1692d.

M. Defendants violated 15 U.S.C. Section 1692d(2)

## VI. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

49. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

50. Defendants, actions as detailed above violate the New York General Business Law Section 349 et seq. Defendants' violations include, but are not limited to the following:

   A. Defendants threatened to take an action that cannot be taken;

   B. Defendants threatened to take an action they did not intend on taking;

   C. By use of false representations, Defendants attempted to collect money from Plaintiff that Plaintiff did not owe.

51. On information and belief, Defendants regularly use deceptive practices substantively equivalent to the deceptive practices outlined herein. Defendants' actions have a broad impact on New York consumers at large. Injunctive relief is necessary to prohibit the Defendant from continuing this illegal practice, and prohibiting Defendants from attempting to collect the Day School debt from Plaintiff.

52. Plaintiff was damaged by the actions of the Defendants herein in that the Plaintiff suffered financial loss, and emotional distress.

## VII. NEGLIGENCE & GROSS NEGLIGENCE

53. Plaintiffs repeat and re-allege and incorporate by reference to the foregoing paragraphs.

54. The actions and omissions of Defendants constitute a misdemeanor under the New York General Business Law Sections 600 and 601. Plaintiff is in the class of people intended to be protected by New York General Business Law Sections 600 and 601.

55. The Defendants were aware that the Plaintiff did not owe the alleged Day School debt. Defendant Smith Carroad informed the Plaintiff that they would cease attempting to collect the alleged debt, and would instruct their client that Plaintiff did not owe such debt. Plaintiff relied upon Defendants representations. It was foreseeable that continuing to attempt to collect the alleged debt could damage Plaintiff.

56. The relationship between Plaintiff and Defendants created a duty and a special duty owed to Plaintiff by Defendants.

57. The actions and omissions of Defendants described herein constitute negligence in that Defendants owed Plaintiff a duty and a special duty in the manner in which they attempted to collect the alleged debt, Said duties were breached, and said breach was the proximate cause of damages suffered by Plaintiff.

58. The actions and omissions of Defendants described herein constitute gross negligence in that Defendant owed Plaintiff a duty and a special duty in the manner in the manner in which they attempted to collect the alleged debt. Said duties were breached, said breaches were the proximate cause of damages suffered by Plaintiff, and Defendants' actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. Plaintiffs are entitled to punitive damages for the actions and omissions of the Defendants as described herein

**WHEREFORE,** Plaintiffs respectfully requests that judgment be entered against Defendants, for the following:

1. Injunctive relief prohibiting the Defendants from attempting to collect the Day School debt from the Plaintiff;

2. General damages regarding the claim for negligence;

3. Special damages regarding the claim for negligence;

4. Actual damages regarding the claims for negligence;

5. Nominal damages regarding the claim for negligence;

6. Punitive damages regarding the claim for negligence;

7. General damages regarding the claim for gross negligence;

8. Special damages regarding the claim for gross negligence;

9. Actual damages regarding the claims for gross negligence;

10. Nominal damages regarding the claim for gross negligence;

11. Punitive damages regarding the claim for gross negligence;

12. Actual damages under the FDCPA

13. Statutory damages under the FDCPA

14. Costs and reasonable attorney's fees under the FDCPA

15. Actual damages under the New York General Business Law;

16. Statutory damages under the New York General Business Law;

17. Costs and reasonable attorney's fees under the New York General Business Law;

18. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (8295)
306 McCall Ave.
West Islip, NY 11795
631-669-0921
631-669-5071 (fax)

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff demands trial by jury in this action.

_____
Attorney for Plaintiff